UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

 DAGHRIB SHAHEED

                    Plaintiff

            v.

THE CITY OF NEW YORK

NEW YORK CITY POLICE OFFICER
STEPHAN KROSKI (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER
PAUL BLISS (In an Individual Capacity and
In an Official Capacity)

NEW YORK CITY POLICE OFFICER
JONATHAN RODRIGUEZ (In an
Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE OFFICER
LYDIA FIGUEROA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE LIEUTENANT
KISHON HICKMAN (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER
CHRISTOPHER MITCHELL (In an
Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE OFFICER
ALEX PEREZ (In an Individual Capacity
and In an Official Capacity)

                    Defendants

(Additional Defendants continued)

**AMENDED COMPLAINT**
Civil Case No. 14 cv 7424

NEW YORK CITY POLICE CHIEF
WILLIAM MORRIS (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE
COMMISSIONER JAMES P. O'NEIL (In
an Individual Capacity and In an Official
Capacity)

NEW YORK CITY DEPUTY POLICE
CHIEF JOHN ESSIG (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY ASSISTANT CHIEF
RODNEY HARRISON (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY DEPUTY CHIEF
ANDREW CAPUL (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE INSPECTOR
ROBERT LUKACH (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DEPUTY
INSPECTOR WILSON ARAMBOLES (In
an Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE INSPECTOR
FAUSTO PICHARDO (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE CAPTAIN
TIMOTHY WILSON (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY DEPUTY INSPECTOR
MARLON LARIN (In an Individual
Capacity and In an Official Capacity)

Defendants (cont.)

NEW YORK CITY POLICE CAPTAIN
BRIAN FRANKLIN (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE INSPECTOR
ERIC PAGAN (In an Individual Capacity
and In an Official Capacity)

NEW YORK CITY POLICE LIEUTENANT
HUGH MACKENZIE (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE SERGEANT
CHARLES EWINGS (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE SERGEANT
MEDINA (In an Individual Capacity and In
an Official Capacity)

NEW YORK CITY POLICE OFFICER
EDWARD SALTMAN (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER
DANIEL TROYER (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE AWILDA
MELHADO (In an Individual Capacity and
In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
DARREN MCNAMARA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
ANTHONY SELVAGGI (In an Individual
Capacity and In an Official Capacity)

Defendants (cont.)

NEW YORK CITY POLICE DETECTIVE
ETHAN ERLICH (In an Individual Capacity
and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
HENRY MEDINA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
EDWARD BIRMINGHAM (In an
Individual Capacity and In an Official
Capacity)

NEW YORK CITY POLICE DETECTIVE
CLIFFORD PARKS (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE DETECTIVE
ANTONIO RIVERA (In an Individual
Capacity and In an Official Capacity)

NEW YORK CITY POLICE OFFICER
JOHN DOE (fictitious (name) (In an
Individual Capacity and In an Official
Capacity)
                                        Defendants
--------------------------------------------------------

1. Now comes the Plaintiff Daghrib Shaheed, by and through her attorney, Lawrence P. LaBrew,

of the Law Office of Lawrence LaBrew, complaining against the Defendant City of New York,

Defendant New York City Police Officers (In an Official Capacity and In an Individual

Capacity), and several John Doe Defendant New York City Police Officers (fictitious names) (In

Individual and In Official Capacities) and alleges as follows:

## JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the First, Fourth,

Eighth, and Fourteenth Amendments to the Constitution of the United States, the Due Process

Clause of the United States Constitution, and under the laws of the United States, particularly the Civil Rights Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This action also arises under the New York State Constitution, and New York State Law for the intentional torts of Assault, Battery, Excessive Force, False Arrest, False Imprisonment, Malicious Prosecution, and Intentional Infliction of Emotional Distress, and Trespass.

4. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§ 1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

5. This Court also has supplemental jurisdiction over the New York State causes of action under Title 28 of the United States Code § 1367 (28 U.S.C.A. § 1367).

6. The City of New York conducted an examination of the Plaintiff pursuant to N.Y. GEN. MUN. LAW § 50-h.

7. Venue is placed in this District because the Defendants are located in this District.

## DEMAND FOR A TRIAL BY JURY

8. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

9. Plaintiff Daghrib Shaheed is a citizen of the United States who resides in New York City. Plaintiff does not have, and has never had, and children.

10. Defendant New York City Police Officer Stephen Kroski is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012.

11. Defendant New York City Police Officer Paul Bliss is being sued individually, and in an

official capacity, in relation to the events alleged in this complaint on 6 June 2012

12. Defendant New York City Police Officer Jonathan Rodriguez is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012.

13. Defendant New York City Police Lieutenant Kishon Hickman is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012.

14. Defendant New York City Police Officer Christopher Mitchell is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012.

15. Defendant New York City Police Officer Alex Perez is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012, 29 June 2012 and 30 June 2012.

16. Defendant New York City Police Chief William Morris is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

17. Defendant New York City Police Commissioner James P. O'Neil is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

18. Defendant New York City Police John Essig is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

19. Defendant New York City Police Assistant Chief Rodney Harrison is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

20. Defendant New York City Police Deputy Chief Andrew Capul is being sued individually, and

in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

21. Defendant New York City Police Inspector Robert Lukach is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

22. Defendant New York City Police Deputy Inspector Wilson Aramboles is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

23. Defendant New York City Police Inspector Fausto Pichardo is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

24. Defendant New York City Police Captain Timothy Wilson is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

25. Defendant New York City Police Deputy Inspector Marlon Larin is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

26. Defendant New York City Police Captain Brian Franklin is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

27. Defendant New York City Police Inspector Eric Pagan is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June

2012.

28. Defendant New York City Police Lieutenant Hugh MacKenzie is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

29. Defendant New York City Police Lieutenant Kishon Hickman is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

30. Defendant New York City Police Officer Charles Ewing is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

31. Defendant New York City Police Sergeant Medina is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

32. Defendant New York City Police Officer Alex Perez is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

33. Defendant New York City Police Officer Daniel Troyer is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

34. Defendant New York City Police Detective Darren McNamara is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

35. Defendant New York City Police Detective Anthony Selvaggi is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

36. Defendant New York City Police Detective Ethan Erlich is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

37. Defendant New York City Police Detective Henry Medina is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

38. Defendant New York City Police Detective Edward Birmingham is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

39. Defendant New York City Police Detective Clifford Parks is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

40. Defendant New York City Police Detective Antonio Rivera is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 29 June 2012, and 30 June 2012.

41. Defendant New York City Police Officer John Doe (fictitious name)  is being sued individually, and in an official capacity, in relation to the events alleged in this complaint on 6 June 2012, 29 June 2012, and 30 June 2012.

42. The true names and identities of the "DOE" defendants are presently unknown to Plaintiff.

Plaintiff uses the fictitious name "DOE" to designate these Defendants. Plaintiffs allege that the "DOE" Defendants, along with the other Defendants, are legally responsible for the incidents, injuries, and damages set forth herein, and that each of the Defendants proximately caused the incident, injuries, and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional rights, or by reason of other personal, vicarious, or imputed negligence, fault, or breach of duty, whether based on agency, employment, control, whether severally or jointly, or whether based on any other act or omission. Plaintiff will seek to amend this Complaint as soon as the true names and identities of each of the "DOE" defendants has been ascertained.

43. Each of the Defendants, including the "DOE" defendants, caused, and is legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and thus constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

44. Plaintiffs is informed and believes and therefore alleges that at all times mentioned in this Complaint, Defendant, and each of them, were the agents, employees, servants, joint ventures, partners, and/or coconspirators of the other Defendants named in the Complaint as indicated, and that at all times, each of the Defendants was acting within the course and scope of that

relationship with the other Defendants.

45. In doing the acts and/omissions alleged, Defendant, and each of them, acted under color of authority and/or color of state law at all relevant times.

46. Plaintiff is informed and believes, and therefore alleges, that the violations of the Plaintiff's constitutional rights complained of were caused by customs, policies, and/or practices of authorized policymakers of Defendant City of New York, and other supervisory officials of Defendant City of New York's Police Department, which encouraged, authorized, directed, condoned, and/or ratified the unconstitutional and unlawful conduct complained of in this Complaint. These customs, policies, and/or practices were the moving force behind the violations alleged, and include, but are not limited to failing to maintain adequate policies, failing to adequately train, supervise, and control police officers concerning entries into the homes of individuals, failing to investigate and impose discipline on police officers who employ improper investigation methods, and failing to adopt other remedial measures and policies to ensure that such violations do not recur.

47. Each of the Defendants, including the "DOE" defendants caused, and are legally responsible for, the incidents, unlawful conduct, injuries, and damages alleged by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizibng or allowing, explicitly or implicitly, policies, plans, customs, practices, actions, or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, and exercising deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by the City of New York or by agents and officers under the direction and control of the City of New York,

and by failing to take remedial or disciplinary action against said agents or officers.

48. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

FACTS

49.  Plaintiff Shaheed was 25 years old, 5 feet 7 inches tall, and weighed approximately 118 pounds on 6 June 2012.  Plaintiff does not have any children. On 6 June 2012, Plaintiff resided with her mother and siblings. Plaintiff was a legal tenant on the lease at the location where the incidents alleged at this complaint happened. On 6 June 2012, at about 6:30 in the evening, Defendant Police Officer Stephan Kroski began banging on the door of the Plaintiff demanding entry into the Plaintiff's apartment. Defendant Police Officer Stephan Kroski was accompanied by the following Defendant New York City Police Officers: (1) Police Lieutenant Kishon Hickman, (2) Police Officer Paul Bliss, (3) Police Officer Jonathan Rodriguez, (4) New York City Police Officer Christopher Mitchell,  and (5) several John Does (fictitious name).

50. Plaintiff's brother – Mr. Noah Shaheed – opened the door; and, while standing inside of the apartment, asked Defendant Police Officer Kroski if he had a warrant. The Plaintiff states that Defendant Stephan Kroski stated that he did not need a warrant.

51. At this point the Defendant Police Officers forced their way into the apartment. Including the named Defendants, there were approximately ten (10) New York City Police Officers who entered Plaintiff's apartment.

52. Plaintiff asked the Defendant Police Officers to leave her apartment if they did not have a warrant. The Defendant Police Officers refused to leave the apartment. Defendant Police Officer Kroski told the Plaintiff that "he did not need a warrant;" and that the Police were at the location

to see the Plaintiff's "babies." The Plaintiff told the Defendant Kroski that the Plaintiff did not have any babies.

53. Defendant New York City Police Officer John Doe (fictitious name) grabbed Plaintiff – while Plaintiff was inside of Plaintiff's apartment – and dragged Plaintiff into the kitchen of her apartment.

54. Plaintiff asked Defendant New York City Police Officer John Doe (fictitious name) if Plaintiff was under arrest. Defendant Police Officer John Doe (fictitious name) told Plaintiff that she was not under arrest.

55. Defendant Police Officer John Doe (fictitious name) told Plaintiff that he had to handcuff Plaintiff, and Defendant John Doe (fictitious name) handcuffed Plaintiff while Plaintiff was in her kitchen.

56. Plaintiff's bedroom was searched without permission or authority. Plaintiff's closet and dresser were searched without permission or authority. Plaintiff's bed was damaged during the search of Plaintiff's bedroom.

57. Defendant New York City Police Officer Paul Bliss entered Plaintiff's kitchen and demanded to know where Plaintiff's babies were located. Plaintiff stated that she did not have any babies. Defendant Police Officer Bliss grabbed the Plaintiff by the arm, and forcefully removed the Plaintiff from Plaintiff's apartment. Plaintiff asked where she was being taken and why (Plaintiff Shaheed was still in handcuffs). Defendant Police Officer Bliss told the Plaintiff that she was going to the Precinct, and forcefully pulled Plaintiff by the arm. Plaintiff asked Defendant Police Officer Bliss if she could put on her shoes. Defendant Police Officer Bliss told the Plaintiff: "You don't need shoes savage." Plaintiff was forcibly removed from her apartment in handcuffs and

taken to the 25th Precinct.

58. Defendant New York City Police Officer Bliss told his partner "Let's take this savage in." Plaintiff asked Defendant Bliss what this was all about. Defendant Police Officer Bliss told his partner "This monkey needs to shut up." While being transported to the Precinct Defendant Police Officer Bliss told the Plaintiff "You know what you savage bitch, you can't even take care of the babies that you have."

59. After the police vehicle stopped at the 25th Precinct, Defendant Police Officer Bliss yanked Plaintiff Shaheed out of the car causing Plaintiff to hit her head against the car while being pulled out of the vehicle.

60. Defendant New York City Police Officer John Doe searched Plaintiff Shaheed. Defendant Police Officer John Doe took Plaintiff's cell phone. Plaintiff Shaheed's cell phone was never returned to the Plaintiff, and said cell phone contained video footage of the incident on 6 June 2012.

61. Plaintiff asked to be taken to the hospital. Plaintiff was taken to Mount Sinai Hospital. Defendant New York City Police Officer Jonathan Rodriguez escorted Plaintiff to the Hospital. Plaintiff was handcuffed to a bed while in the hospital. Plaintiff complained about pain in the left arm. Plaintiff suffered a bone bruise, a shoulder joint tear, substantial pain and suffering and mental distress.

62. Plaintiff was taken back to the 25th Precinct, with no shoes, and placed in a cell with urine on the floor.

63. After approximately two days, Plaintiff appeared in Court, was arraigned, and was charged with the following two counts: 1) one count of Resisting Arrest (N.Y. PENAL LAW § 205.30),

and 2) one count of Obstruction of Governmental Administration in the Second Degree (N.Y.

PENAL LAW § 195.05). Plaintiff was required to appear in Court approximately 11 times.

64. Plaintiff denies the allegations in the complaint sworn to by Defendant New York City Police

Officer Stephan Kroski on 7 June 2012. Plaintiff states that she never jumped on Defendant

Kroski's back, and that she never resisted arrest by twisting her body and refusing to place her

hands behind her back.

65. Plaintiff states that the criminal accusatory instrument that wrongly charged Plaintiff Shaheed

with Resisting Arrest, and Obstruction of Governmental Administration in the Second Degree,

was defective under New York State Law because said criminal accusatory instrument did not

allege that the arrest was lawful or authorized.

66. After 6 June 2012, from time to time, Defendant New York City Police Officer Kroski would

follow Plaintiff in his police car when he would see Plaintiff in public.

67. On 18 September 2013 the criminal case was dismissed on the merits and sealed.

68. On 29 June 2012, at approximately 6:30 in the evening, New York City Police Detective

McNamara knocked on the Plaintiff's door, and the occupants to open the door. Plaintiff's

brother, Mr. Noah Shaheed, asked the Defendant Detective if the Detective had a warrant or some

other authorization. Defendant Detective McNamara said that he had a warrant. Plaintiff's

mother, Ms. Waheedah Shaheed, asked Detective McNamara to produce the warrant. Plaintiff

states that Defendant McNamara failed to produce any warrant, or other documentation,

authorizing entry to the subject location.

69. Defendant McNamara asked the Plaintiff to open the door to talk. When the Plaintiff did not

assent to Defendant McNamara demands the Plaintiff was told (in sum and substance) by

Defendant McNamara that Plaintiff "open the door and we can do this the easy way, or we can do this the hard way, and it'll be worst than June 6th."

70. The Defendants continued banging on the door demanding entry. About two hours after the Defendants initially arrived, the lights went out, the air conditioning went out, and all electrical power to the apartment was terminated.

71. On 30 June 2012, a specialized police unit (the emergency services unit or ESU), the Defendants forced their way into the apartment. The police officers were armed with assault rifles, and they were dressed and equipped like military soldiers. They pointed their rifles at every one and every one was told to get down on the floor. Defendant Police Officer John Doe (fictitious name) stated that they "were going to tear the walls down to find your brother."

72. Plaintiff states that her property was damaged, the family pet hamster was killed, and Plaintiff was searched and handcuffed inside of her apartment. While being physically removed from her apartment building, Plaintiff noticed that the building was surrounded by police officers.

73. Plaintiff was taken from her apartment in handcuffs – with neighbors and a large number of people on the street – placed in an ambulance, and taken to Harlem Hospital.

74. Plaintiff Shaheed was uncuffed at Harlem Hospital and released from custody. She never appeared before a Judge, or in a courtroom, and she was never taken to a police precinct.

FEDERAL CLAIMS

COUNT ONE: FALSE ARREST

75. Plaintiff re-alleges paragraphs 1 through 74 as though set forth in full herein.

76. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by

Defendant Police Officer Stephan Kroski on or about 6 June 2012.

77. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff on 6 June 2012.

78. The Plaintiff denies resisting a lawful arrest on or about 6 June 2012, and the Plaintiff denies engaging in any conduct to obstruct governmental administration that would be construed as resisting a lawful arrest on or about 6 June 2012.

79. Defendant Police Officer Stephan Kroski (or any other police officer or peace officer) did not have an arrest warrant for the Plaintiff on 6 June 2012.

80. Defendant Police Officer Stephan Kroski (or any other police officer or peace officer) did not have a search warrant to enter the Plaintiff's residence on 6 June 2012.

81. Plaintiff states that she was intentionally confined without her consent by the Defendants, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

82. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

83. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 6 June 2012, and Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

84. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the Defendant shocks the conscience.

85. As a direct and proximate result of the wrongful conduct of Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss

of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers, and Defendant Police Detectives, for willful and malicious conduct. Said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 85 as though set forth in full herein.

86. The Plaintiff states that she was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officer Stephan Kroski on or about 6 June 2012.

87. The Plaintiff states that the Defendants did not have probable cause, or arguable probable cause, to seize/arrest the Plaintiff because on 6 June 2012.

88. administration on or about 6 June 2012.

89. The Plaintiff denies resisting a lawful arrest on or about 6 June 2012, and the Plaintiff states that Plaintiff never obstructed governmental administration when the Police entered Plaintiff's

residence on 6 June 2012.  The Plaintiff denies engaging in any conduct that could be construed as resisting a lawful arrest on or about 6 June 2012.

90. Defendant Police Officer Stephan Kroski (or any other police officer or peace officer) did not have an arrest warrant for the Plaintiff on 6 June 2012.

91. Defendant Police Officer Stephan Kroski (or any other police officer or peace officer) did not have a search warrant to enter the Plaintiff's residence on 6 June 2012.

92. Plaintiff states that she was intentionally confined without her consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

93. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

94. Upon information and belief, that being the Plaintiff in this case, the Plaintiff was had not committing any crime or offense when she was arrested on 6 June 2012, and Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

95. Plaintiff states that the Defendant intentionally seized the Plaintiff and that the conduct of the Defendant shocks the conscience.

96. As a direct and proximate result of the wrongful conduct of Defendant Police Officers as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as that amount will sufficiently punish Defendant Police Officers' willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## COUNT THREE: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 96 as though set forth in full herein.

97. The Plaintiff states that she was falsely imprisoned in violation of the Fourth, and Fourteenth,

Amendments to the United States Constitution when she was seized and arrested by Defendant

Police Officer Lydia Figueroa, and other Defendants, on or about 30 June 2012.

98. The Plaintiff states that the Defendants did not have probable cause, or arguable probable

cause, to seize/arrest the Plaintiff because on 29 June 2012 or 30 June 2012.

99. The Defendants (or any other police officer or peace officer) did not have an arrest warrant for

the Plaintiff on 29 June 2012, or on 30 June 2012.

100. The Defendants (or any other police officer or peace officer) did not have a search warrant to

enter the Plaintiff's residence on 29 June 2012 or 30 June 2012.

101. Plaintiff states that she was intentionally confined without her consent, and that the arrest

and imprisonment of the Plaintiff was not privileged or justified.

102. Plaintiff states that Plaintiff was seized, falsely arrested, and falsely imprisoned in violation

of the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

103. Upon information and belief, that being the Plaintiff in this case, the Plaintiff had not, and was not, committing any crime or offense when she was seized/arrested 29 June 2012, or on 30 June 2012, and Plaintiff was not in possession of - or in close proximity to - any contraband, instrumentalities of a crime, fruits of a crime, or any other evidence of criminal wrongdoing.

104. Plaintiff states that the Defendants intentionally seized the Plaintiff and that the conduct of the Defendants shocks the conscience.

105. As a direct and proximate result of the wrongful conduct of the Defendants as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, physical injury, pain and suffering, and injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as that amount will sufficiently punish Defendant Police Officers for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FOUR: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS
INVESTIGATION

106. Plaintiff re-alleges paragraphs 1 through 105 as though set forth in full herein.

107. Plaintiff states that, on 6 June 2012, the Defendant New York City Police Officers denied the

Plaintiff substantive due process, and that the intentional conduct of the New York City Police

Officers  "shocks the conscience".

108. The Plaintiff states the Defendants, and Defendant New York City Police Officers conducted

a reckless investigation in that the Defendants arrested the Plaintiff without probable cause, or

arguable probable cause, to believe that the Plaintiff had committed a crime.

109. Plaintiff states that she was at her apartment when the Defendants entered the Plaintiff's

apartment without permission or authority.

110. Plaintiff states that she was beaten, seized/arrested, and Plaintiff never gave the Defendant

Police Officers permission to enter here apartment.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officers for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

COUNT FIVE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS
INVESTIGATION

111. Plaintiff re-alleges paragraphs 1 through 110 as though set forth in full herein.

112. Plaintiff states that, on 29 June 2012 and 30 June 2012, the Defendant New York City Police
Officers denied the Plaintiff substantive due process, and that the intentional conduct of the New
York City Police Officers shocks the conscience".

113. The Plaintiff states the Defendant New York City Police Officers conducted a reckless
investigation in that the Defendants seized/arrested the Plaintiff without probable cause, or
arguable probable cause, to believe that the Plaintiff had committed a crime.

114. Plaintiff states that she was at her apartment when the Defendants entered the Plaintiff's
apartment without permission or authority.

115. Plaintiff states that she was beaten seized/arrested for not consenting to open her door when
the Defendants demanded entry to Plaintiff's residence.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million
dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million
dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious
conduct and that said award of punitive damages will serve as an example to prevent a repetition
of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the
prosecution of this action to be paid by the Defendants.

COUNT SIX: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND
INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER STEPHEN KROSKI
AND OTHER DEFENDANT POLICE OFFICERS

116. Plaintiff re-alleges paragraphs 1 through 115 as though set forth in full herein.

117. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly
train or supervise the Defendant New York City Polices.

118. On 6 June 2012 the Defendants came to the Plaintiff's residence and demanded entry
without an arrest warrant and without a search warrant.

119. The Plaintiff had not committed any crime or violated any law.

120. The Defendants forced their way into the Plaintiff's apartment without consent. Plaintiff was
seized/arrested and physically beaten by Defendant Police Officers.

121. Plaintiff states that proper training or supervision would have enabled Defendant New York
City Police Officers to understand that a police officer cannot enter an individual's home if they
do not have an arrest warrant, a search warrant, or some compelling reason.

122. Plaintiff states that proper training or supervision would have enabled Defendant New York
City Police Officers to understand that a police officer cannot use excessive physical force against
an individual when they enter an individual's home without an arrest warrant, a search warrant, or
some compelling reason, and that individual has not committed any criminal offense.

123. Plaintiff states that the conduct of the Defendants' – as outlined in this complaint –  will
frequently result in the deprivation of the constitutional rights of individuals.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million
dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

## COUNT SEVEN: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER LYDIA FIGUEROA AND OTHER DEFENDANT POLICE OFFICERS

124. Plaintiff re-alleges paragraphs 1 through 123 as though set forth in full herein.

125. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly

train or supervise the Defendant New York City Police Officers.

126. On 29 June 2012, and 30 June 2012, the Defendants came to the Plaintiff's residence and

demanded entry without an arrest warrant and without a search warrant.

127. The Plaintiff had not committed any crime or violated any law.

128. The Defendants forced their way into the Plaintiff's apartment without consent. Plaintiff was

seized/arrested and physically beaten by Defendant Police Officers.

129. Plaintiff states that proper training or supervision would have enabled Defendant New York

City Police Officers to understand that a police officer cannot enter an individual's home if they

do not have an arrest warrant, a search warrant, or some compelling reason.

130. Plaintiff states that proper training or supervision would have enabled Defendant New York

City Police Officers to understand that a police officer cannot use excessive physical force against

an individual when they enter an individual's home without an arrest warrant, a search warrant, or

some compelling reason, and that individual has not committed any criminal offense.

131. Plaintiff states that the conduct of the Defendants' – as outlined in this complaint – will

frequently result in the deprivation of the constitutional rights of individuals.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

C. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT EIGHT: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

132. Plaintiff re-alleges paragraphs 1 through 131 as though set forth in full herein.

133. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment and Fourteenth Amendment of the United States Constitution.

134. The Plaintiff states that she was deprived of her liberty on 6 June 2012 when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had not committed any crime or violated any law.

135. The Plaintiff states that she was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest prior to the case being dismissed on the merits and sealed.

136. The Plaintiff states that the Plaintiff had committed any crime when she was arrested by Defendant Police Officers on 6 June 2012.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT NINE: EXCESSIVE FORCE

137.   Plaintiff re-alleges paragraphs 1 through 136 as though set forth in full herein.

138.   Plaintiff states that on or about 6 June 2012 the misconduct of Defendant Police Officers violated Plaintiff's right to be free from the unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

139. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, and humiliation.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TEN: EXCESSIVE FORCE

140.   Plaintiff re-alleges paragraphs 1 through 139 as though set forth in full herein.

141.   Plaintiff states that on, about, or between 29 June 2014 and 30 June 2014, the misconduct of the Defendants, and several John Doe Defendants – as alleged above – violated Plaintiff's right to be free from the unreasonable and excessive use of force as guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution.

142. Defendants' misconduct directly and proximately caused Plaintiff to suffer injury including bodily injury, pain and suffering, shock, extreme emotional distress, and humiliation.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## NEW YORK STATE CLAIMS

143. The Plaintiff states that the City of New York is vicariously liable for the New York State intentional torts - as alleged in this complaint - committed by Defendants under the doctrine of *respondeat superior.*

144. Plaintiff states that there is a master-servant relationship between the Defendants and the City of New York.

145. The Plaintiff states that the Defendants were operating within the scope of their employment - in their official capacity - when they committed the acts as alleged in this Complaint, and that the Defendants were acting in furtherance of the City of New York's business or purpose.

COUNT ELEVEN: FALSE ARREST AND IMPRISONMENT

146. Plaintiff re-alleges paragraphs 1 through 145 as though set forth in full herein.

147. Plaintiff states that she was falsely arrested, falsely imprisoned, and intentionally confined without her consent when Defendant New York City Police Officers intentionally seized and arrested the Plaintiff – on 6 June 2012 – without probable cause.

148. Plaintiff states that the arrest - and confinement - of the Plaintiff was not otherwise privileged or justified; and Plaintiff was conscious of the confinement.

149. Plaintiff states that the false arrest/false imprisonment - and intentional confinement without consent - was done with malice.

150. Plaintiff states that the false arrest/false imprisonment was not otherwise privileged.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the

prosecution of this action to be paid by the Defendants.

### COUNT TWELVE: FALSE IMPRISONMENT

151. Plaintiff re-alleges paragraphs 1 through 150 as though set forth in full herein.

152. Plaintiff states that she was seized, falsely imprisoned, and intentionally confined without

her consent when Defendant New York City Police Officers intentionally seized and falsely

imprisoned the Plaintiff – on, about, or between 29 June 2012 and 30 June 2012 – without

probable cause.

153. Plaintiff states that the seizure and imprisonment of the Plaintiff was not otherwise

privileged or justified; and Plaintiff was conscious of the confinement.

154. Plaintiff states that the seizure/false imprisonment - and intentional confinement without

consent - was done with malice.

155. Plaintiff states that the false imprisonment was not otherwise privileged.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million

dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million

dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious

conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT THIRTEEN: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

156. Plaintiff re-alleges paragraphs 1 through 155 as though set forth in full here.

157. The Plaintiff states that, on 6 June 2012, the Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

158. That said conduct of the Defendants was performed with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

159. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FOURTEENTH: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

160.  Plaintiff re-alleges paragraphs 1 through 159 as though set forth in full here.

161. The Plaintiff states that on, about, or between 29 June 2012 and 30 June 2012, the

Defendants engaged, were deliberately indifferent, or condoned conduct that was extreme and outrageous.

162. That said conduct of the Defendants was performed with the intent to cause, or in disregard of a substantial probability of causing, severe emotional distress.

163. The Plaintiff states that the actions of the Defendants caused severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FIFTEEN: MALICIOUS PROSECUTION

164. Plaintiff re-alleges paragraphs 1 through 163 as though set forth in full herein.

165. The Plaintiff states that the criminal judicial proceedings that is the subject of this complaint was terminated in favor of the Plaintiff because all charges were dismissed on the merits.

166. The Plaintiff states that the Defendant Police Officers did not have probable cause to arrest the Plaintiff on 6 June 2012.

167. Plaintiff states that the Defendants arrested the Plaintiff for the wrong, or an improper

motive and that the judicial proceeding was not commenced so that justice could be served.

168. Plaintiff states that the Defendants arrested the Plaintiff because – according to one of the Defendant's own statements – the Defendants wanted to teach the Plaintiff a lesson.

169. Plaintiff states that the Defendants acted with malice when they seized/arrested the Plaintiff.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT SIXTEEN: ASSAULT

170. Plaintiff re-alleges paragraphs 1 through 169 as though set forth in full herein.

171. Plaintiff states that on 6 June 2012, Defendant Police Officers intentionally placed the Plaintiff in fear of imminent harmful or offensive conduct.

172. Plaintiff states that the Defendants made an unjustified threat of force against the Plaintiff that created a reasonable apprehension of immediate physical harm, and that the Defendants acted on the afore-mentioned threat and caused the Plaintiff physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT SEVENTEEN: ASSAULT

173.  Plaintiff re-alleges paragraphs 1 through 172 as though set forth in full herein.

174. Plaintiff states that on, about, or between 29 June 2012 and 30 June 2012, the Defendants intentionally placed the Plaintiff in fear of imminent harmful or offensive conduct.

175. Plaintiff states that the Defendants made an unjustified threat of force against the Plaintiff that created a reasonable apprehension of immediate physical harm, and that the Defendants acted on the afore-mentioned threat and caused the Plaintiff physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition

of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT EIGHTEEN: BATTERY

176.   Plaintiff re-alleges paragraphs 1 through 175 as though set forth in full herein.

177. Plaintiff states that on 6 June 2012 Defendant Police Officers intentionally make bodily contact with the Plaintiff – without Plaintiff's consent – and caused the Plaintiff to suffer physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT NINETEEN: BATTERY

178.   Plaintiff re-alleges paragraphs 1 through 177 as though set forth in full herein.

179. Plaintiff states that on, about, or between 29 June 2012 and 30 June 2012, the Defendants

intentionally make bodily contact with the Plaintiff – without Plaintiff's consent – and caused the Plaintiff to suffer physical injury.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (5,000,000.00) million dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of ten (10,000,000.00) million dollars as will sufficiently punish Defendant Police Officer for Defendant's willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Lawrence P. LaBrew, Esq. (LL4455)
Law Office of Lawrence LaBrew
Attorney for Plaintiff Daghrib Shaheed
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel :    (212) 385-7500
Fax:    (212) 385-7501