USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

DAGHRIB SHAHEED,

                Plaintiff,

      -v-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER STEPHAN KROSKI, NEW YORK
CITY POLICE OFFICER PAUL BLISS, NEW YORK
CITY POLICE OFFICER JONATHAN RODRIGUEZ,
and NEW YORK CITY POLICE OFFICER LYDIA
FIGUEROA,

                Defendants.

------------------------------------------------------------X

WAHEEDAH SHAHEED,

                Plaintiff,

      -v-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE OFFICER STEPHAN KROSKI, NEW YORK
CITY POLICE OFFICER PAUL BLISS, NEW YORK
CITY POLICE OFFICER JONATHAN RODRIGUEZ,
and NEW YORK CITY POLICE OFFICER LYDIA
FIGUEROA,

                Defendants.

------------------------------------------------------------X

14 Civ. 7424 (PAE);
15 Civ. 3480 (PAE)

<u>OPINION & ORDER</u>

PAUL A. ENGELMAYER, District Judge:

      This case involves claims that in June 2012, defendants twice entered plaintiffs' apartment to execute removal orders and thereupon met with resistance from plaintiffs. On March 2, 2018, this Court issued an Opinion and Order granting in part and denying in part

defendants' motion for partial summary judgment. *See* Dkt. 115.[1] This decision resulted in the dismissal of all claims arising out of the second episode (the "June 29–30 incident"), with several claims arising out of the first episode (the "June 6 incident") remaining to be tried. *See id.* at 28. Plaintiffs now ask the Court to enter partial final judgment under Federal Rule of Civil Procedure 54(b), or, in the alternative, to reconsider the March 2 Opinion and Order. *See* Dkts. 130–31; *see also* Dkt. 134 (defendants' opposition). For the following reasons, the motion is denied.

I. **Partial Final Judgment**

"In general, there is a historic federal policy against piecemeal appeals." *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8. The entry of a final judgment is generally appropriate "only after all claims have been adjudicated." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

Rule 54(b) provides an exception to this general rule. It states:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

Whether to grant a Rule 54(b) motion is left to the discretion of the district court. *See Curtiss-Wright*, 446 U.S. at 8. In deciding a Rule 54(b) motion, a District Court "must take account of both the policy against piecemeal appeals and the equities between or among the

---

[1] All docket numbers cited herein refer to the docket in 14 Civ. 7424.

2

parties." *Novick*, 642 F.3d at 310. A decision to grant a Rule 54(b) motion is to be made "in the interest of sound judicial administration." *Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451 (2d Cir. 2002) (quotation marks omitted). Factors to consider are "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright*, 446 U.S. at 8.

Here, plaintiffs argue primarily that separate judgments would be appropriate because the surviving claims—*i.e.*, those arising from the June 6 incident—are distinct from the claims that the Court dismissed—*i.e.*, those arising from the June 29–30 incident. *See* Dkt. 130 at 4. The Court is unpersuaded, for several reasons.

First, plaintiffs appear to ignore that the March 2 Opinion and Order addressed several claims arising out of the June 6 incident, and dismissed two of them. *See* Dkt. 115 at 26–28. Accordingly, were the Court to certify the March 2 Opinion and Order as a final order, as plaintiffs request, *see* Dkt. 130 at 2, plaintiffs could then appeal to the Second Circuit the dismissal of claims arising out of the June 6 incident, as to which several claims are due to be tried in October. *See* Dkt. 127.

Second, in any event, even if the Court were to limit its certification to claims arising out of the June 29–30 incident, it does not follow, as plaintiffs suggest, that "there is no risk of duplicative appeals." *Id.* at 3. On the contrary, the two incidents are closely intertwined. They involve the successive efforts of the New York City Administration for Children's Services (and one Child Protective Specialist in particular) to remove the same minor children from plaintiffs' home, each time with the assistance of the New York City Police Department. As a result, piecemeal appeals here would require "two (or more) three-judge panels to familiarize

themselves with [the case] in successive appeals from successive decisions on interrelated issues." *Novick*, 642 F.3d at 311 (quotation marks omitted).

Nor would "postponing appeal until after a final judgment has been entered . . . cause unusual hardship or work an injustice." *See Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992). As to this issue, plaintiffs contend that delay would force them to "mount two separate lawsuits against a single group of defendants." Dkt. 130 at 4. But plaintiffs' premise that certifying an appeal of the March 2, 2018 Opinion Order would avoid the need for two trials is incorrect. Even assuming that the Court certified an appeal as to the dismissed claims and the Second Circuit then vacated the March 2 Opinion and Order, there is no realistic possibility that the Circuit would act and remand the case for reinstatement of those claims before trial on the surviving claims, which is set to begin on October 15, 2018. Accordingly, accepting plaintiffs' premise that the dismissed claims will one day be revived by the Second Circuit, even under the most optimistic projections, this will come after trial on the surviving claims, making separate trials inevitable. In any event, as the Second Circuit has repeatedly explained, "the interrelationship of the dismissed and surviving claims is generally a reason for *not* granting a Rule 54(b) certification." *Hogan*, 961 F.2d at 1026. Here, given the nexus between the dismissed and surviving claims, "the remaining proceedings in the district court may illuminate appellate review of the dismissed claims." *Id.* (quotation marks omitted). The Court therefore denies plaintiffs' request for separate judgments.[2]

---

[2] The parties are, of course, at liberty to settle the remaining claims, and the Court continues to encourage the parties to pursue such a settlement. While the parties may choose to pursue a global settlement, they are also free to construct a settlement that preserves plaintiffs' right to appeal the March 2, 2018 dismissal of certain claims.

## II. Reconsideration

In the alternative, plaintiffs seek reconsideration of the March 2 Opinion and Order. *See* Dkt. 130 at 2. Indeed, plaintiffs' memorandum of law is devoted almost entirely to disputing certain premises of the Court's prior decision. *See* Dkt. 131. This bid is easily denied.

First, this District's Local Rules require that "a notice of motion for reconsideration . . . be served within fourteen (14) days after the entry of the court's determination of the original motion." S.D.N.Y. Local Civil Rule 6.3. Plaintiffs' motion comes more than three months too late. *See* Dkts. 115, 130.

Second, the standard governing motions for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quotation marks omitted); *see also* S.D.N.Y. Local Rule 6.3 (requiring the movant to "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked"). Such a motion "is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." *Associated Press v. U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). Here, plaintiffs do not claim to have discovered new evidence or an intervening change in law. Rather, they merely flesh out arguments that, as noted in the March 2 Opinion and Order, were "profoundly underdeveloped" the first time around. Dkt. 115 at 12 n.2. The Court will not grant plaintiffs a "second bite at the apple." *Goonan v. Fed. Reserve Bank of N.Y.*, No. 12 Civ. 3859 (JPO), 2013 WL 1386933, at *2 (S.D.N.Y. Apr. 5, 2013).

## CONCLUSION

For the foregoing reasons, plaintiffs' Rule 54(b) motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 130.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: July 18, 2018
       New York, New York